UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



UNITED STATES OF AMERICA

v.                       CIVIL NO. 2:12cv447
[ORIGINAL CRIMINAL NO. 2:11cr30]

CHRISTOPHER DAMON SPENCER,

    Defendant.

## OPINION AND FINAL ORDER

This matter comes before the court on the Defendant's "Motion to Revisit and Use Rule 59(e) [and] Motion to Revisit Rule 60(b)" ("Motion"). ECF No. 81. The court denied the Motion by the Final Order of October 28, 2014. ECF No. 82. The Court of Appeals for the Fourth Circuit vacated this Final Order and remanded the case for further proceedings in light of the intervening decision in United States v. McRae, 793 F.3d 392 (4th Cir. 2015). ECF No. 90.

I.

On August 13, 2012, the Defendant filed a petition challenging his criminal conviction under 28 U.S.C. § 2255. ECF No. 66. This court denied the Defendant's § 2255 petition on September 25, 2012, on the grounds that: (1) it was procedurally defaulted by a failure to raise the claim on direct appeal; (2) there was no cause excusing the Defendant's default or

actual prejudice from the alleged error; and (3) the Defendant was not actually innocent of his sentence. Mem. Final Order at 4-9, ECF No. 69. On November 23, 2012, the Defendant filed a notice of appeal. ECF No. 71. On March 1, 2013, in a per curiam decision, the Fourth Circuit declined to issue a certificate of appealability and dismissed the Defendant's appeal. ECF No. 76. The Defendant then filed a "Motion to Reopen Motion § 2255 Under Federal Rule Civil Procedure 60(B) and Rule 59(e) [sic]," which was entered on August 18, 2014. ECF No. 79. By Final Order of September 10, 2014, this court rejected the Defendant's Rule 60(b) and Rule 59(e) claims. ECF No. 80. The Defendant did not appeal the Final Order of September 10, 2014.

Instead, the Defendant filed the instant Motion on October 6, 2014.[1] By Final Order of October 28, 2014, the court found that the Defendant's challenges to the § 2255 proceedings were meritless and that, to the extent the Defendant challenged his conviction and sentence, the Motion was a successive § 2255 petition that the court lacked jurisdiction to hear. On December 2, 2014, the Defendant appealed. The Fourth Circuit issued its opinion in McRae on July 13, 2015, and on October 14, 2015, remanded the Defendant's case for further proceedings consistent with McRae. See United States v. Spencer,

---

[1] The Motion restates, and expands on, the claims in the "Motion to Reopen Motion § 2255 Under Federal Rule Civil Procedure 60(B) and Rule 59(e)."

No. 14-7787, 2015 WL 5947639 (4th Cir. Oct. 14, 2015) (per curiam) (unpublished).

In McRae, the Fourth Circuit reiterated the distinction between a successive habeas petition and a motion in a habeas proceeding legitimately brought under Federal Rule of Civil Procedure 60(b). 793 F.3d at 397. In light of this, the court directed the Defendant to file a submission indicating whether he wanted the court to consider only his claim that attacks the validity of the proceedings on his habeas petition. ECF No. 92. The Defendant filed his response on December 14, 2015, stating that he only wants the court to consider his "true" Rule 60(b) claim. ECF No. 94. The submission was filed subject to defect because it did not have a certificate of service to the Office of the United States Attorney. The court hereby **LIFTS** the defect, and **DIRECTS** the Clerk to forward a copy of the Defendant's response to the United States Attorney at Norfolk. Pursuant to the Defendant's response, the court **STRIKES** the claims in the Motion that present a successive habeas petition. The remaining "true" Rule 60(b) claim is addressed below.

II.

Federal Rule of Civil Procedure 60(b) sets forth six grounds upon which a district court may relieve a party from a final judgment. The Defendant invokes Rule 60(b)(4), see Mot. at 5, which is used to grant relief when the final judgment is

3

void. Fed. R. Civ. P. 60(b)(4). This relief applies "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010). The Defendant alleges the latter reason, that he was denied an opportunity to be heard. Mot. at 5. He claims that "[w]hether the claims are frivolous or procedurally defaulted . . . is of little moment," because he still has a right to have his § 2255 petition heard in full. Id.

As the Defendant was previously instructed in the Final Order of September 10, 2014, this argument is meritless. See Final Order of September 10, 2014, at 4-5. A district court lacks jurisdiction to hear a § 2255 petition after it has been procedurally defaulted, unless the petitioner can show either cause and prejudice or actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998). Because the claims raised in the Defendant's original § 2255 petition were procedurally defaulted and the Defendant failed to show either cause and prejudice or actual innocence, the court's Memorandum Final Order of September 25, 2012, is not void and remains in full force and effect. See ECF Nos. 69, 76. Consequently, Petitioner's current claim under Rule 60(b)(4) fails.

III.

Accordingly, the Motion is **DENIED**. The Petitioner is advised that he may appeal from this Opinion and Final Order by filing, within sixty (60) days of entry of this Order, a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510. The court declines to issue a certificate of appealability for the reasons stated herein, in the Final Order of September 10, 2014, and in the Memorandum Final Order of September 25, 2012.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Final Order to the Petitioner and to the United States Attorney at Norfolk.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

January 5, 2016